UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE WILLIAMS,

        Petitioner,

v.                                                  Case No. 05-C-1086

PHIL KINGSTON,

        Respondent.

## ORDER

On October 13, 2005, Willie Williams filed this petition pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at Waupun Correctional Institution.

Petitioner has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to the Prison Litigation Reform Act (PLRA) enacted April 26, 1996, the petitioner is required to pay the statutory filing fee of $5.00 in full for this action. 28 U.S.C. § 1915(b)(1). *In forma pauperis* status, if granted, allows the prisoner to pay the filing fee in increments. *See* 28 U.S.C. § 1915(b).

Under § 1915(b)(1), the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the petitioner's account or the average monthly balance in the petitioner's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. However, § 1915(b)(4) permits prisoners who have no assets to commence an action without prepayment of the initial partial filing fee. Petitioner must make

monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. The agency having custody of the prisoner will collect the money and send payments to the court. 28 U.S.C. § 1915(b)(2).

The petitioner filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a)(2). A review of this statement reveals that the average monthly deposit into the plaintiff's prison account was $5.15 and the average monthly balance for the six-month period immediately preceding the filing of the instant complaint was $0. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(B), the plaintiff is required to pay an initial partial filing fee of $1.03 (twenty percent of $5.15). However, in light of his total lack of funds, the court will relieve petitioner of the obligation to prepay that fee.

The court next turns to the merits of the petition. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The petition is nearly incomprehensible. It appears that petitioner is due to be released shortly on parole and wishes to be released in Illinois rather than in Wisconsin. Petitioner contends that the "Interstate Compac [sic]" gives him the right to be released in Illinois. The Uniform Act

2

for Out-of-State Parolee Supervision, Wis. Stat. § 304.13 *et seq.*, governs the terms on which parolees are to be released. However, it is a compact among the states, and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). For this reason, the petition must be dismissed.

Even if a federal claim could be stated, it is further clear that petitioner has failed to exhaust his state court remedies. An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court may not be granted by a federal court unless the applicant has first exhausted available State court remedies. 28 U.S.C. § 2254(b)(1). It is clear from the petition that petitioner has not sought relief in Wisconsin court. For this reason too, the petition must be dismissed.

**THEREFORE, IT IS ORDERED** that petitioner's request for leave to proceed *in forma pauperis* is hereby **GRANTED.**

**FURTHER, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. The clerk of court shall enter judgment accordingly.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this   19th   day of October, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge