UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE WILLIAMS,

   Petitioner,

 v.              Case No. 05-C-1086
                 Appeal No.

PHIL KINGSTON,

   Respondent.

## ORDER

On November 10, 2005, habeas petitioner Willie Williams filed a notice of appeal of my dismissal of his case and a request for a certificate of appealability. Petitioner is currently incarcerated at the Waupun Correctional Institution.

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Although petitioner has not formally requested that I issue a certificate of appealability, Fed. R. App. P. 22(b)(1) provides that if a petitioner files a notice of appeal, the district judge must either issue a certificate or state why a certificate should not issue. *See also Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

The court noted in dismissing the petition that it is nearly incomprehensible. Petitioner's notice of appeal does little if anything to clarify his claims. It appears that petitioner is due to be released shortly on parole and wishes to be released in Illinois rather than in Wisconsin. Petitioner contends that "[t]he matter at hand is based on an Federal Bureau of Prisoner Interstate Compac Program, thats being mis-implied threw the Waupun Corr Inst parole system." (Notice of Appeal of Intent at 1.) The Uniform Act for Out-of-State Parolee Supervision, Wis. Stat. § 304.13 et seq., governs the terms on which parolees are to be released. However, it is a compact among the states, and as the court noted in dismissing the petition, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). No reasonable jurist could suppose otherwise.

Petitioner objects to the court's assertion (Order of October 19, 2005 at 3) that he has not exhausted his state remedies as to any claims he may possess. Petitioner contends that "Waupun has no Administration Remedy for what they will not change." (Notice at 3.) The remedy that the

court faulted petitioner for failing to exhaust is an action in state court, not an administrative proceeding at the prison. Petitioner does not explain why he cannot pursue his claims in state court.

For the same reasons as set forth in my Order of October 19, 2005, and for the reasons set forth above, petitioner has not made a substantial showing of the denial of any constitutional right. As stated above, I do not believe jurists of reason would differ as to any of the issues presented in this case and I do not believe these issues should proceed further. Thus, pursuant to 28 U.S.C. §1915(a)(3) the court certifies that the appeal is not taken in good faith and determines that the party is not entitled to proceed *in forma pauperis* on appeal.

**THEREFORE, IT IS ORDERED** that petitioner's request for a certificate of appealability is denied.

I certify that the appeal has not been taken in good faith.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this   14th   day of November, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
